UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CASEY SANFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20 CV 180 ACL |
| | ) | |
| K&B TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Complaint of Plaintiff Casey Sanford asserting a personal injury action against Defendant K&B Transportation, Inc., following an automobile accident involving a tractor trailer operated by Defendant's employee. Presently pending before the Court is Defendant's Joint Motion to Dismiss and Motion to Strike. (Doc. 9.) Plaintiff opposes the Motion. (Doc. 15.)

**I. Legal Standards**

With regard to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally

1

construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citation omitted). However, striking a party's pleading is a disfavored and extreme measure. *Id.* (citation omitted).

**II.     Discussion**

Defendant first argues that Count II, which sets forth a negligence per se claim, should be dismissed for failure to state a claim. Defendant next argues that Counts I, III, IV, V, and VI should be dismissed because they violate Federal Rule of Civil Procedure 8(a)(2). Additionally, Defendant contends that Plaintiff's prayers for punitive damages should be dismissed or stricken. Finally, Defendant argues that the Court should strike Plaintiff's "Reptile Theory" allegations.

   **A. Count II**

Defendant argues that Plaintiff's negligence per se claim should be dismissed because the cited state statute does not set forth a statutory standard of care.

Count II is based upon an alleged violation of Mo. Rev. Stat. § 304.012.1, which states: "Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care." (Doc. 1 at p. 8-9.)

"Negligence per se arises where the legislature pronounces in a statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct, and the court then adopts the statutory standard of care to define the standard of conduct of reasonable person." *Lowdermilk v. Vescovo Building and Realty Co., Inc.,* 91 S.W.3d 617, 628 (Mo. Ct. App. 2002) (citing RESTATEMENT TORTS (SECOND) sections 286, 288 (1965)). Negligence per se results from the violation of a statute and the jury is instructed on the statutory standard of care instead of the care of the reasonable person. *Id.*

In *Cisco v. Mullikin*, No. 4:11CV295RWS, 2012 WL 549504, * 2 (E.D. Mo. Feb. 21, 2012), this Court[1] dismissed a negligence per se claim under Mo. Rev. Stat. § 304.012.1, finding that the statute "does not set out a statutory standard of care." Plaintiff has failed to set forth a Missouri case where a plaintiff pursued a negligence per se theory for § 304.012. Thus, Count II will be dismissed for failure to state a claim.

**B. Counts I, III, IV, V, and VI**

Count I asserts a vicarious liability claim against Defendant for the negligence of its driver; Count III asserts a negligence claim based upon Defendant's alleged violation of

---

[1] United States District Judge Rodney W. Sippel.

Federal Motor Carrier Safety Regulations; Count IV asserts a negligence hiring/retention claim; Count V asserts a negligent training claim; and Count VI alleges a negligence supervision/retention claim.

Defendant argues that these claims violate the requirement of Federal Rule of Civil Procedure 8(A)(2) for a "short and plain" statement and should therefore be dismissed.

Plaintiff disputes that he has violated Rule 8, and argues that he is permitted to plead numerous facts and allegations.

Rule 8(a)(2) "requires a short and plain statement showing the pleader is entitled to relief, and that each allegation in the pleading be simple, concise, and direct." *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (unpublished per curiam). The primary purpose of Rule 8 is to allow the Court and the opposing party to understand whether a valid claim is alleged and, if so, what it is. *Id.* The complaint must be sufficiently clear so the Court or opposing party "is not required to keep sifting through it in search of what it is plaintiff asserts." *Id.* (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994)).

Dismissal for violation of Rule 8(a) is appropriate where a complaint is so lengthy, disorganized, vague, or ambiguous as to be unintelligible. *Cf. Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983) (affirming dismissal of a 98-page pro se complaint, the "style and prolixity" of which "would have made an orderly trial impossible."); *Smith v. Republic Servs., Inc.*, 2017 WL 4038143, at *3 (E.D. Mo. Sept. 13, 2017) (dismissing complaint under Rule 12(b)(6), noting it violated Rule 8(a) because it did not contain numbered paragraphs, was "overly wordy with an incomprehensible pattern of

4

capitalized and not capitalized words," and failed to clearly identify each defendant by name and articulate specific facts about that defendant's wrongful conduct).

Here, Plaintiff's Complaint is a total of twenty-three pages long and consists of separately numbered paragraphs. Although lengthy and without detailed facts, it does not violate Rule 8(a). Thus, Defendant's motion to dismiss on this basis will be denied.

### C. Punitive Damages

Defendant argues that Plaintiff's Complaint fails to state a claim for punitive damages as a matter of law because it consists of merely a conclusory allegation that Defendant's conduct was "reckless and shows a complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to punitive damages." (Doc. 1 at p. 7.)

Under Missouri law, punitive damages are permissible where a trucking company fails to observe motor carrier regulations and industry standards which result in injury. *Coon v. Am. Compressed Steel, Inc.,* 207 S.W.3d 629, 638 (Mo. Ct. App. 2006) (sustaining award of punitive damages because the motor carrier had shown a conscious disregard for public safety in failing to comply with federal and state motor carrier regulations and industry standards).

Defendant has not shown that there is a statutory or other bar to punitive damages in this negligence case sufficient to warrant the extreme measure of striking Plaintiff's request for punitive damages under Rule 12(f). *See Miller v. DNJ Intermodel Servs., LLC*, No. 2:13-CV-80-SPM, 2013 WL 6159116, at *3 (E.D. Mo. Nov. 25, 2013) (finding no reason to strike plaintiff's claim for punitive damages under a negligence theory where defendants failed to demonstrate a statutory or constitutional bar to such damages under Rule 12(f)); *but see Spinks v. City of St. Louis Water Div.*, 176 F.R.D 572, 574 (E.D. Mo. 1997) (striking

prayer for punitive damages where such damages were unavailable against a municipality under Title VII, the Missouri Human Rights Act, § 1981, and § 1983).

Accordingly, Defendant's Motion to Dismiss or Strike will be denied.

**D. "Reptile Theory"**

Defendant argues that Plaintiff's Complaint is "replete with references to Defendant's supposed 'disregard for the safety of the motoring public,'" which "point clearly to Plaintiff's 'Reptile Theory' litigation strategy." (Doc. 10 at 16.) Defendant argues that courts across the nation have universally condemned such arguments, which impermissibly ask jurors to consider the danger the defendant presented *to them*. *Id.*

The Court finds Defendant's argument is premature and is better addressed in a motion in limine.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Joint Motion to Dismiss and Motion to Strike (Doc. 9) is **granted in part**, in that Count II is **dismissed for failure to state a claim**. The Motion is denied in all other respects.

        s/*Abbie Crites-Leoni*
    ABBIE CRITES-LEONI
    UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of June, 2021.