UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CASEY SANFORD,<br><br>Plaintiff,<br><br>vs.<br><br>K & B TRANSPORTATION, INC.,<br><br>Defendant. | Cause No: 20-cv-180-ACL |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNTS III, IV, V, AND VI**

COMES NOW Plaintiff Casey Sanford, by and through the undersigned counsel, and for his memorandum of law in opposition to Defendant's Motion for Judgment on the Pleadings on Counts III, IV, V, and VI states as follows:

## INTRODUCTION

This action arises out of personal injuries sustained by Plaintiff resulting from a tractor-trailer crash that occurred on January 22, 2016. Defendant has moved for judgment in its favor on four of the remaining five counts in Plaintiff's Complaint. For the Court's ease, Defendant has moved for judgment on the following counts:

- Count III — Independent Negligence
- Count IV —Negligent Hiring/Retention
- Count V —Negligent Training
- Count VI —Negligent Supervision/Retention

Defendant's position is a simple one: because it has now admitted in Count I (vicarious liability/*respondeat superior*) that its agent/employee acted within the course and scope of his

employment at the time of Plaintiff's injury, the remaining counts immediately fail as a matter of law and judgment should be entered in Defendant's favor on those four remaining counts. However, such a position is contrary to Missouri law as Missouri courts (both state and federal) have long allowed imputed negligence claims to proceed when a plaintiff also alleges a claim for punitive damages — as is the situation here.

## STANDARD OF REVIEW

Defendant properly states the standard of review in its Suggestions in Support. When considering a motion for judgment on the pleadings under FRCP 12(c), the Court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party." *U.S. v. Any and all Radio Station Transmission Equipment*, 207 F.3d 458, 462 (8th Cir. 2000). Judgment on the pleadings is appropriate when the moving party establishes that there is no material issue of fact to be resolved and the party is entitled to judgment as a matter of law. *Id.*

## ARGUMENT

### I. THE PUNITIVE DAMAGES EXCEPTION TO MCHAFFIE ALLOWS PLAINTIFF TO PROCEED ON IMPUTED NEGLIGENCE THEORIES

This dispute, which tends to arise in nearly every case involving imputed negligence claims, stems from the Supreme Court of Missouri's *McHaffie By and Through v. Bunc*h, 891 S W.2d 22 (Mo. 1995) decision. *McHaffie* states that "once an employer has admitted *respondeat superior* liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." *Id.* at 826. As this Court is likely aware, the common dispute focuses on the word "proceed." The plaintiff's bar argues that "proceed" simply means that both a direct negligence and imputed negligence count cannot be submitted to

the jury, following long-standing legal principles prohibiting inconsistent theories at trial. The defense bar argue that "proceed" means just that — plaintiff cannot proceed at all on an imputed liability theory at all once *respondeat superior* is admitted, meaning that the admission of *respondeat superior* acts as a shield to immediately cut off imputed liability theories. The Supreme Court of Missouri has unfortunately yet to clarify exactly what it meant nearly 30 years ago when it used the word "proceed."

However, Defendant's Motion and Suggestions in Support omit a very important fact — Plaintiff's Complaint contains a claim for punitive damages, which this Court recently determined could proceed at the pleadings stage. *See Order*, ECF No. 22. The potential significance of punitive damages was raised in *McHaffie*:

> Having said that, it may be possible that an employer or entrustor may be held liable on a theory of negligence that does not derive from and is not dependant on the negligence of an entrustee or employee. In addition, it is also possible that an employer or an entrustor may be liable for punitive damages which would not be assessed against the employee/entrustee ... However, none of those circumstances exist here. Those issues await another day.
>
> *McHaffie*, 891 S.W.2d at 826.

This Court has examined this issue before, and *Harris v. Decker Truck Line, Inc.*, 4:12-CV-1598-DDN, is directly on point. In Harris, the defendant trucking carrier moved to dismiss and strike imputed negligence counts that included punitive damages claims based, in part, upon *McHaffie*. Judge Noce wrote:

> The Missouri Court of Appeals recently considered the punitive damages issue and determined that "the rule announced in *McHaffie* does not apply where punitive damages are claimed against the employer." *Wilson v. Image Flooring, LLC*, 2013 WL 1110878, *5 (Mo. App. 2013). The court reasoned that:
>
>> The rationale for the Court's holding in *McHaffie* was that, where vicarious liability was admitted and none of the direct liability theories could prevail in the absence of proof of the employee's negligence, the employer's liability was

> necessarily fixed by the negligence of the employee. Thus, any additional evidence supporting direct liability claims could serve only to waste time and possibly prejudice the defendants.
>
> The same cannot be said, however, when a claim for punitive damages based upon the direct liability theories is raised. If an employer's hiring, training, supervision, or entrustment practices can be characterized as demonstrating complete indifference or a conscious disregard for the safety of others, then the plaintiff would be required to present additional evidence, above and beyond demonstrating the employee's negligence, to support a claim for punitive damages. Unlike in the *McHaffie* scenario, this evidence would have a relevant, non-prejudicial purpose.

*Harris*, 2013 WL 1769095 at *2-3. (Apr. 24, 2013).

The Court's reasoning could not be more clear-cut, and Judge Noce denied defendant's motion and allowed the imputed negligence counts to remain. *Harris*, 2013 WL 1769095 at *6.

The specific issue surrounding *McHaffie* and a punitive damages claim also arose in *Kwiatkowski v. Teton Transp., Inc.*, 11-1302-CV-W-ODS. In that case, Kwiatkowski, who was injured in a truck crash, alleged numerous counts against the defendant trucking company, including negligent training, along with a claim for punitive damages. Senior District Judge Smith refused to dismiss the punitive damages claim because of this *McHaffie* exception, and quoted Magistrate Judge Maughmer in *Jodlowski v. Lindsey Petroleum Transport, Inc*., 3:09–CV–05051–JTM:

> The rationale is straightforward. In a 'simple' (i.e., non-punitive) automobile accident case, to the extent there is liability arising from its employee's negligence, the employer will have to pay those finite consequential damages regardless of the theory of liability (i.e., the plaintiff's damages and injuries are not increased because of the theory of liability pursued). In an automobile accident case involving a claim of punitive damages, however, the damages are not necessarily so limited. Instead, in a case where punitive damages are at issue, a factfinder may consider the conduct of the employer beyond the actions of the negligent employee and increase the exemplary award based on such conduct.

*Kwiatkowski*, 2012 WL 1413154 at *4 (April 23, 2012).

The case law is clear: when punitive damages have been alleged, the imputed negligence counts should not be dismissed or otherwise removed from the case. Defendant's Motion should therefore be denied.

## CONCLUSION

Despite the uncertainty surrounding what the *McHaffie* court meant by the word "proceed," the punitive damages exception appears to be well-settled law at this time. So long as punitive damages remains in the case, so must the imputed negligence claims. Plaintiff has cited Missouri state appellate case law and trial court orders from this Court in support of its position. Defendant has not cited any case law or trial court orders whatsoever on this issue, and in fact did not even raise the punitive damages exception in its Motion or Suggestions in Support. As such, Defendant's Motion for Judgment on the Pleadings on Counts III, IV, V, and VI must be denied.

Respectfully submitted,

**SCHULTZ & MYERS, LLC**

/s/ Thomas G. Wilmowski, Jr.

______________________________

Thomas G. Wilmowski, Jr. 60721(MO)
9807 S. Forty Drive
St. Louis, Missouri 63124
Telephone: 314-444-4444
Facsimile: 314-720-0744
E-mail: tom@schultzmyers.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2021 a copy of the foregoing has been served via the Court's CM/ECF system upon all counsel of record.

/s/ Thomas G. Wilmowski, Jr.

________________________________

Thomas G. Wilmowski, Jr.