UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CASEY SANFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20 CV 180 ACL |
| | ) | |
| K&B TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Complaint of Plaintiff Casey Sanford asserting a

personal injury action against Defendant K&B Transportation, Inc., following an automobile

accident involving a tractor trailer operated by Defendant's employee.  Presently pending before

the Court is Defendant's Motion for Judgment on the Pleadings on Counts III, IV, V, and VI.

(Doc. 26.)  Also pending is Defendant's Motion for Protective Order.  (Doc. 24.)

I.     **Background**

This action for personal injuries asserts state law claims arising out of a motor vehicle

accident.  The Complaint alleges that on January 22, 2016, Barry Cardwell was driving a loaded

tractor-trailer northbound on Interstate 55 in Pemiscot County Missouri, in the course and scope

of his employment with Defendant K&B Transportation, Inc.  Plaintiff alleges he was also

traveling northbound on Interstate 55, and was at a complete stop for traffic ahead when

Cardwell failed to keep a careful lookout for traffic ahead, thereby causing Cardwell to collide

with the rear of Plaintiff's vehicle.  Plaintiff alleges that he suffered injuries to his neck, back,

right shoulder, and left shoulder, causing him permanent pain and suffering.

1

Count I of the complaint asserts a vicarious liability/*respondeat superior* claim against Defendant based on Cardwell's negligence.  Count II asserts a vicarious liability claim against Defendant based on the negligence per se of Cardwell.  Count III alleges an independent negligence claim against Defendant.  Count IV asserts a direct negligence claim against Defendant for negligent hiring/retention.  Count V is a direct negligence claim against Defendant for negligent training.  Finally, Count VI asserts a direct negligence claim against Defendant based upon negligent supervision/retention.

On June 24, 2021, this Court granted Defendant's Motion to Dismiss Count II for failure to state a claim.  (Doc. 22.)  The Court denied Defendant's Motion to Dismiss or Strike Plaintiff's claim for punitive damages.  *Id.*

Defendant now moves for judgment on the pleadings on Counts III, IV, V, and VI. Defendant argues that, because Defendant has admitted that Barry Cardwell was its employee at all relevant times and the doctrine of *respondeat superior* applies, Missouri law requires Plaintiff's other imputed liability claims stated in Counts III, IV, V, and VI, be dismissed. Plaintiff opposes the Motion.  (Doc. 28.)

Defendant has also filed a Motion for Protective Order, in which it argues that Plaintiff's discovery requests are disproportional to the needs of the case.  (Doc. 32.)  Plaintiff opposes this Motion.  (Doc. 34.)

## II.    Motion for Judgment on the Pleadings

"A motion for judgment on the pleadings should be granted when, accepting all facts pled by the nonmoving party as true and drawing all reasonable inferences from the facts in favor of the nonmoving party, the movant has clearly established that no material issue of fact remains

and that the movant is entitled to judgment as a matter of law." *Schnuck Markets, Inc. v. First Data Merchant Servs. Corp.*, 852 F.3d 732, 737 (8th Cir. 2017) (cited case omitted).

A motion under Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6). *Ellis v. City of Minneapolis*, 860 F.3d 1106, 1109 (8th Cir. 2017). To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," *id.* at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. In considering a Rule 12(c) motion, the Court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). A motion for judgment on the pleadings pursuant to Rule 12(c) must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court. Rule 12(d), Fed.

R. Civ. P.  "Matters outside the pleadings" include any written evidence "in support of or in opposition to the pleading that provide[s] some substantiation for and does not merely reiterate what is said in the pleadings."  *McAuley v. Federal Ins*. Co., 500 F.3d 784, 787 (8th Cir. 2007) (quoted case omitted).

As previously stated, Defendant argues that, because it has admitted in its Answer that Barry Cardwell was acting in the course and scope of his employment with K&B at the time of Plaintiff's injury and that the doctrine of *respondeat superior* applies (Doc. 23 at 3), Counts III, IV, V, and VI fail as a matter of law.  Plaintiff responds that Defendant's Motion should be denied, because Missouri courts have allowed imputed negligence claims to proceed when a plaintiff also alleges a claim for punitive damages, as Plaintiff has in this case.  In its Reply, Defendant argues that Plaintiff's Complaint does not plead facts sufficient to invoke the punitive damages exception.

"[O]nce an employer has admitted *respondeat superior* liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability."  *McHaffie By & Through McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995).  The *McHaffie* court reasoned there is no purpose for laboriously submitting evidence to establish other theories and the evidence could potentially inflame the record.  *Id.*  The *McHaffie* court further found it was reversible error to admit evidence on negligent entrustment or negligent hiring once the agency relationship was admitted.  *Id.* at 827.  In dicta, the Missouri Supreme Court acknowledged there may be an exception for punitive damages, but did not decide the issue either way.  Federal courts have taken differing approaches as to whether this exception applies. *Kwiatkowski v. Teton Transp., Inc.*, No. 11–1302–CV–W–ODS, 2012 WL 1413154, at

*3 (W.D. Mo. Apr. 23, 2012) (recognizing a punitive-damage exception to the rule stated in *McHaffie*).

The Missouri Court of Appeals for the Western District specifically found such an exception exists, reasoning a claim of punitive damages provides a separate reason to present the duplicative evidence, thus eviscerating the reasoning which prompted the Missouri Supreme Court's decision in *McHaffie*. *Wilson v. Image Flooring, LLC*, 400 S.W.3d 386, 392–93 (Mo. Ct. App. 2013). Since *Wilson*, both the United States District Courts for the Eastern and Western Districts of Missouri have followed *Wilson's* reasoning, as will this Court. *See, e.g. Monroe v. Freight All Kinds, Inc., et al.*, No. 18-CV-03238-SRB, 2020 WL 6589000, at *2-3 (W.D. Mo. Nov. 10, 2020); *Kyles v. Celadon Trucking Servs., Inc.*, No. 6:15–CV–03193–MDH, 2015 WL 6143953, at *4 (W.D. Mo. Oct. 19, 2015); *Harris v. Decker Truck Line, Inc.*, No. 4:12 CV 1598 DDN, 2013 WL 1769095, at *4–5 (E.D. Mo. Apr. 24, 2013).

Plaintiff alleges that Defendant's conduct, "specifically including violations of state law and the Federal Motor Carrier Safety Regulations, as well as other acts and omissions of [Cardwell] as described herein, was willful, wanton, and reckless, and shows a complete indifference and conscious disregard for the safety of the motoring public," entitling Plaintiff to punitive damages. (Doc. 1 at p. 7.) The undersigned has already determined Plaintiff has properly pleaded a claim for punitive damages. (Doc. 22.)

This Court has denied motions to dismiss based upon *McHaffie* where the plaintiff is found to plead punitive damages based on a direct liability theory. *See, e.g. King v. Taylor Exp., Inc.*, No. 4:13CV1217 TCM, 2013 WL 5567721, at *1-3 (E.D. Mo. Oct. 9, 2013) (plaintiff could avoid dismissal where allegation that "'[t]he negligence and carelessness of [the trucking company]…show[s] a complete indifference to or a conscious disregard for the safety of

Plaintiff' and others" was sufficient to support punitive damage request on claim of direct negligence against trucking company for hiring, training, retention, and supervision of driver, and negligent failure to maintain truck); *Harris*, 2013 WL 1769095, at *4–5 (plaintiff could avoid dismissal where complaint alleged defendant trucking company violated multiple motor carrier regulations and industry standards and was directly liable for punitive damages based on negligent hiring, training, retention, and supervision theory).

Because Defendant may be liable for punitive damages, Defendant's admission of vicarious liability does not necessarily require dismissal of Counts III, IV, V, and VI under *McHaffie. See Wilson,* 400 S.W.3d at 392-93.

Accordingly, Defendant's Motion for Judgment on the Pleadings will be denied.

### III.    Motion for Protective Order

As previously noted, Defendant has also filed a Motion for Protective Order.  Defendant states that Plaintiff has served two sets of discovery on Defendant.  Defendant filed a Motion for Protective Order with regard to the first set, which contained 63 Interrogatories and 126 Requests for Production, on the basis it was overbroad.  (Doc. 25.)  Plaintiff responded by agreeing to amend his discovery requests in a good faith effort to resolve the dispute.  (Doc. 29.)  The Court therefore found the Motion for Protective Order was Moot on July 21, 2021.  (Doc. 31.)  In the instant Motion for Protective Order, filed on August 20, 2021, Defendant argues that Plaintiff's Amended Requests for Production are still "vastly disproportional to the needs of the case," and consist of 97 requests in total.  (Doc. 33 at 2.)

Plaintiff first responds that Defendant's Motion violates Local Rule 3.04, in that it does not contain a statement that Defendant's counsel has conferred with Plaintiff's counsel in a good faith effort to resolve the discovery dispute.  (Doc. 29.)  Plaintiff states that Defendant's counsel

only left one voicemail message for Plaintiff's counsel, and made no further attempts to discuss these discovery issues.  Plaintiff explains that Plaintiff's counsel attempted to return Defendant's counsel's call the following day, but dialed the incorrect phone number.  Additionally, Plaintiff argues that, although Plaintiff has reduced its discovery requests to ensure they were proportional to the ends of the case, Defendant has not provided any written discovery answers or responses whatsoever to Plaintiff's requests.  Plaintiff, therefore, requests that the Court deny Defendant's Motion for Protective Order and order Defendant to fully answer and respond to all outstanding written discovery requests within seven days.  Defendant has not filed a Reply.

Local Rule 3.04 provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04(A).

The Court will deny Defendant's Motion for Protective Order for failure to comply with Local Rule 3.04.  The parties are reminded of their obligations under Local Rule 3.04 and Federal Rule of Civil Procedure 26 to work in good faith to resolve any disputes and to tailor discovery to the needs of the case.

With regard to Plaintiff's discovery requests, if Defendant has not responded to Plaintiff's outstanding discovery requests after reasonable efforts have been undertaken by the parties to resolve any disputes, Plaintiff may file a properly supported motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 26) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order (Doc. 32) is **denied**.


s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of October, 2021.

8